IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY ELMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-02280-JPM-cgc |
| | ) | |
| ONE WEST BANK, FSB, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant One West Bank, FSB's ("Defendant"), Motion To Dismiss, filed October 15, 2012. (ECF No. 7.)

For the following reasons Defendant's Motion is GRANTED.

**I.   BACKGROUND**

This case arises out of the attempted foreclosure of Plaintiff's home on 1035 Semmes Avenue, Memphis, Tennessee 38111. (See Mem. Law Supp. Def.'s Mot. To Dismiss, ECF No. 7-1, at 1.)

On February 24, 2012, Plaintiff Anthony Elmore ("Plaintiff") filed a Complaint, (ECF No. 1-1), against Defendant in the Chancery Court for Shelby County, Tennessee, alleging the following:  (1) Defendant overcharged Plaintiff on fees and expenses; (2) Defendant gave Plaintiff inadequate and

misleading notice of the foreclosure; (3) the Deed of Trust issued by Defendant was adhesive; (4) the Tennessee foreclosure procedure violated Plaintiff's due-process rights; (5) the adjustable-rate mortgage was abusive; and (6) Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., in closing on Plaintiff's home based on a fraudulent loan. (ECF No. 1-1.) With the exception of RESPA, Plaintiff did not refer to any cases or statutes in his Complaint. (Id.) Defendant removed this action to federal court on April 10, 2012. (ECF No. 1.)

On October 15, 2012, Defendant filed its Motion To Dismiss alleging that Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 7.) Defendant asserts that Plaintiff's Complaint fails to raise any facts that would give rise to a valid cause of action against Defendant. (ECF No. 7-1 at 1.)

Plaintiff did not file a response to Defendant's Motion To Dismiss within the time allowed under Local Rule 12.1(b) and Federal Rule of Civil Procedure 6(d).

II.  **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl.

2

Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629-30 (6th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). The complaint "must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

The court "may not dismiss a complaint for failure to state a claim based on disbelief of the complaint's factual allegations." Allstate Ins. Co. v. LG&E Energy, LLC, 201 F. App'x 311, 315 (6th Cir. 2006). The court must instead "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations omitted) (internal quotation marks omitted).

The court may not dismiss a "plaintiff's complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion

to dismiss." Allstate Ins. Co., 201 F. App'x at 315 (citing Carver v. Bunch, 946 F.2d 451 (6th Cir. 1991)). "[R]egardless [of whether] an adverse party fails to respond" the court "is required at a minimum, to examine the movant's motion [to dismiss] to ensure that he has discharged" his initial burden. Carver, 946 F.2d at 454-55.

## III. ANALYSIS

Defendant contends that Plaintiff has failed to assert factual allegations sufficient to adequately plead a claim upon which relief can be granted under Federal Rule of Civil Procedure 8(a). (See ECF No. 7 at 1.) Plaintiff asserts the following in his Complaint: (1) Defendant overcharged Plaintiff on fees and expenses; (2) Defendant gave Plaintiff inadequate and misleading notice of the foreclosure; (3) the Deed of Trust was adhesive; (4) the Tennessee foreclosure procedure violated Plaintiff's due process rights; (5) the adjustable-rate mortgage was abusive; and (6) Defendant violated RESPA in closing on Plaintiff's home. (ECF No. 1-1.)

As an initial matter, the Court finds that Plaintiff's Complaint as a whole is deficient, and fails to comply with the pleading standard articulated in Twombly and Iqbal. Plaintiff fails to cite any federal or state cases or authority with the exception of RESPA, in support of his assertions. Additionally, Plaintiff's assertions are conclusory and fail to allege with any specificity a violation of any particular state or federal

4

law.  While the Court is not required to "distill any possible argument which could be made based on the materials" provided by the parties, Siler v. Webber, 443 F. App'x 50, 58 (6th Cir. 2011) (quoting Blue Cross & Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990)) (internal quotation marks omitted), viewing the Complaint in the light most favorable to Plaintiff, the Court will construe the Complaint to allege the following claims arising from Defendant's handling of the mortgage on Plaintiff's home:  breach of contract claims under the Deed of Trust, a violation of Plaintiff's due process rights, and a violation of RESPA.[1]  Plaintiff's claims are discussed in turn.

### A. Breach-of-Contract Claim

In order to establish a breach of contract claim under Tennessee law, a Plaintiff must prove "(1) the existence of a contract, (2) breach of the contract, and (3) damages [that] flow from the breach."  Hinton v. Wachovia Bank of Del. Nat. Ass'n, 189 F. App'x 394, 398 (6th Cir. 2006) (alteration in original) (quoting Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd., 79 F.3d 496, 514 (6th Cir. 1996)) (internal quotation marks omitted).

Here, Plaintiff has not submitted the Deed of Trust or any other documents in support of the existence of an enforceable

---

[1] See, e.g., Peoples v. Bank of Am., No. 11-2863-STA, 2012 WL 601777, at *10 (W.D. Tenn. Feb. 22, 2012) (construing Plaintiff's allegations in order to address whether Plaintiff had met the pleading standard under Federal Rule of Civil Procedure 8(a)).

5

contract between himself and Defendant.  However, Defendant does not dispute the existence of a contract between itself and Plaintiff.  (See ECF No. 7; ECF No. 7-1.)  Assuming the contract exists between Plaintiff and Defendant, the Court will address the four possible contractual breaches that Plaintiff alleges in his Complaint.

### 1. Inadequate and Misleading Notice

Under Tennessee Law a trustee must "strictly comply with the . . . [foreclosure] notice terms set forth in a deed of trust."  Self Help Ventures Fund v. Robilio, No. W2009-00368-COA-R3-CV, 2010 WL 2176093, at *6 (Tenn. Ct. App. June 1, 2010).  In this case, Plaintiff alleges that he received inadequate and misleading notice of the foreclosure sale of his house.  (ECF No. 1-1 ¶ 5.)  In support of this assertion, Plaintiff claims that "the mortgage company had been accepting payments . . . before, during and after the scheduled sale. . . . Plaintiff had been involved with negotiations and payments with the loan workout department of the defendant."  (Id.)

Defendant argues that Plaintiff's assertions are conclusory and insufficient under Rule 8(a) because Plaintiff does not identify when he received notice in comparison with when he should have received notice, and does not identify any provision in the Deed of Trust that Defendant has violated in providing notice to Plaintiff.  (ECF No. 7-1 at 4.)

6

The Court holds that Plaintiff has failed to state a claim for breach of contract based on the Deed of Trust's notice provision. Taking the pleadings as true, Plaintiff has not asserted any facts that either directly or inferentially raise a plausible claim that Defendant failed to give Plaintiff proper notice under the Deed of Trust instrument. Plaintiff did not identify what notice was required or what notice was received.

Therefore Defendant's Motion To Dismiss is GRANTED as to Plaintiff's breach-of-contract claim based on inadequate or misleading notice.

### 2. Overcharging

Plaintiff contends that Defendant has "run up" unexplained charges and fees that are "excessive, duplicative, and have led to further and additional defaults," (ECF No. 1-1 ¶¶ 6, 12), and that "half of what he owes are excessive bank fees and costs." (Id. ¶ 4.) Defendant asserts that Plaintiff has failed to state facts asserting any erroneous or excessive charges to his account, and that Plaintiff instead states in a conclusory manner that he was overcharged. (ECF No. 7-1 at 3.)

The Court holds that Plaintiff has failed to state a claim for breach of contract based on overcharging. Taking the pleadings as true, Plaintiff has not asserted any facts that either directly or inferentially raise a plausible claim that Defendant was overcharging Plaintiff. Plaintiff did not

identify a single charge or fee that he paid, let alone a charge or fee that was excessive, duplicative, or abusive in any way.

Therefore, Defendant's Motion To Dismiss is GRANTED as to Plaintiff's breach-of-contract claim based on overcharging.

### 3. Abusive Adjustable-Rate Mortgage

Plaintiff asserts that the adjustable-rate mortgage was abusive, and "resulted in a huge increase in the loan payment, and further, that the loan from the outset was calculated to result in a default through techniques such as front-loading huge fees and also not including an escrow for the payment of taxes and for the collection of insurance premiums." (ECF No. 1-1 ¶ 8.) Defendant does not address this particular contention. (See ECF No. 7-1.)

The Court holds that Plaintiff has failed to state a claim for breach of contract based on the adjustable-rate mortgage. Taking the pleadings as true, Plaintiff has not asserted any facts that either directly or inferentially raise a plausible claim that the adjustable-rate mortgage was abusive. Plaintiff did not identify either the mortgage rate, an increase in the rate, or any other factors that would suggest that the adjustable-rate mortgage was abusive.

Therefore Defendant's Motion To Dismiss is GRANTED as to Plaintiff's breach-of-contract claim based on the adjustable-rate mortgage.

### 4. Contract of Adhesion

Under Tennessee law, a contract of adhesion is defined as "a standardized contract form offered to consumers of goods and services on essentially a 'take it or leave it' basis." Buraczynski v. Eyring, 919 S.W.2d 314, 320 (Tenn. 1996) (quoting Black's Law Dictionary 40 (6th ed. 1990)) (internal quotation marks omitted). A contract of adhesion is enforceable unless the contract is found to be unconscionable. See id.

Plaintiff contends that the Deed of Trust issued by Defendant is a contract of adhesion which that was "not contemplated, read or negotiated by the parties." (ECF No. 1-1 ¶ 7.) Defendant notes that there has not been a single judicial opinion invalidating the Deed of Trust instrument. (ECF No. 7-1 at 4.)

The Court holds that Plaintiff has failed to state a claim for breach of contract based on the contract being adhesive. Taking the pleadings as true, Plaintiff has not asserted any facts that either directly or inferentially raise a plausible claim that the contract was one of adhesion, nor any facts that would suggest the contract was unenforceable because it was unconscionable. The lone statement that the contract is one of adhesion is insufficient under Federal Rule of Civil Procedure 8(a).

Therefore, Defendant's Motion To Dismiss is GRANTED as to Plaintiff's claim for breach-of-contract claim based on the Deed of Trust being a contract of adhesion.

### B. Due-Process Claim

Plaintiff contends that the Tennessee procedure for "foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise [have] under due process." (ECF No. 1-1 ¶ 7.) Defendant asserts that "non-judicial foreclosures have been allowed in [Tennessee] for decades . . . and since those foreclosures are conducted by private citizens, and not the government" the process does not implicate Plaintiff's constitutional due-process rights. (ECF No. 7-1 at 4.)

The Court holds that Plaintiff has failed to state a claim for a violation of his due-process rights based on the Tennessee foreclosure procedure exercised by Defendant. "Foreclosure claims do not sound in due process 'in the absence of state action.'" <u>Ike v. Quantum Serv. Corp.</u>, No. 11-02914, 2012 WL 3727132, at *6 (W.D. Tenn. Aug. 27, 2012) (quoting <u>Peoples</u>, 2012 WL 601777, at *10). Taking the pleadings as true, Plaintiff has not asserted state action in the foreclosure of Plaintiff's home.

Therefore, Defendant's Motion To Dismiss is GRANTED as to Plaintiff's due-process claim.

**C. RESPA Claim**

Plaintiff alleges that Defendant violated RESPA because the foreclosure was based on a loan that was fraudulent and deceptive. (ECF No. 1-1 ¶ 8.) In support of his allegation, Plaintiff asserts the following acts by Defendant:

A) No[t] revealing the true costs of servicing and carrying the loan[;]
B) Not revealing the context or parameters of the loan payment and what it might become over the history of the loan; [and]
C) Hiding and/or not properly revealing the costs and fees paid to obtain the loan.

(Id. ¶ 8.)

Defendant argues that Plaintiff's assertions are insufficient because "he does not identify a single aspect of the loan application process that was predatory . . ., the cost of the loan or why it was excessive." (ECF No. 7-1 at 4.)

The Court holds that Plaintiff has failed to state a claim for a violation of RESPA. RESPA includes several protections for consumers, some creating a private cause of action, and some not creating a private cause of action. See Baptist v. Bank of N.Y. Mellon, No. 09-2569-STA, 2010 WL 1539973, at *6 (W.D. Tenn. Apr. 16, 2010). Plaintiff here has not identified any particular provision of RESPA that has been violated. Additionally, Plaintiff has only offered conclusory statements in support of his RESPA claim. (See ECF No. 1-1 ¶ 8.) Taking the pleadings as true, Plaintiff has not asserted any facts that

either directly or inferentially raise a plausible claim under RESPA.

Therefore, Defendant's Motion To Dismiss is GRANTED as to Plaintiff's RESPA claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion To Dismiss is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.

**SO ORDERED,** this 11th day of December, 2012.

> s/ Jon P. McCalla
> JON P. McCALLA
> CHIEF U.S. DISTRICT JUDGE